UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| RAY SING, | Case No. 3:15-cv-00259-MMD-VPC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| MINERAL COUNTY, | |
| Defendant. | |

Plaintiff, proceeding *pro se*, initiates this action against Mineral County. Before the Court is Plaintiff's motion for default judgment. (Dkt no. 8.)

Obtaining a default judgment is a two-step process governed by Rule 55 of the Federal Rules of Civil Procedure. *Eitel v. McCool,* 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after the clerk enters default, a party must seek entry of default judgment under Rule 55(b).

The Court finds that Plaintiff has not demonstrated Defendant has been afforded adequate service of process. Fed. R. Civ. P. 4(j) provides that a local government organization must be served by one of two means: (A) delivery of a copy of the summons and complaint on the organization's "chief executive officer;" or (B) follow the manner of service required under state law for service of process on such a local organization. Nev. R. Civ. P. 4(d)(5) provides that to effectuate service on a county, city or town, a copy of the summons and complaint must be made by hand delivery to "the

chairperson of the board of commissioners, president of the counsel or trustees, mayor of the city or town, or other head of the legislative department thereof." It does not appear that Plaintiff followed either means to effectuate service of process.

The proof of service filed in this case indicates that service was made by personal delivery of the summons and complaint, among other documents, "to Christopher Nepper, authorized agent for the service for mineral County." (Dkt. no. 7 at 1.) While Mr. Nepper is represented to be Mineral County's authorized agent, the Court finds that such representation is inadequate to satisfy either Fed. R. Civ. P. 4(j) or Nev. R. Civ. P. 4(d)(5). The proof of service does not identify Mr. Nepper's position with Mineral County for the Court to find that he is the proper representative to accept service on behalf of Mineral County. For example, it is not clear whether Mr. Nepper is Mineral County's "chief executive officer" (as required under Fed. R. Civ. P. 4(j)(A)), "chairperson of the board of commissioners" or "other head of the legislative department" (as required under Nev. R. Civ. P. 4(d)(5).[1]

It is therefore ordered that Plaintiff's motion for default judgment (dkt. no. 8) is denied. Plaintiff will be given thirty (30) days to cure the deficiencies identified in this Order and file an amended proof of service.  Failure to do so may result in dismissal for failure to effectuate service of process under Fed. R. Civ. P. 4(m).

DATED THIS 7th day of January 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] Mineral County's website shows that Clifford Cichowlaz is the Chairman of the Mineral County Board of Commissioners. (See http://www.mineralcountynv.us/government/commissioners.php.) Mr. Nepper's name does not appear on the list of Mineral County Board of Commissioners.