1
2
3
4
5              UNITED STATES DISTRICT COURT
6                   DISTRICT OF NEVADA
7                          * * *
8    RAM SING,                          Case No. 3:15-cv-00259-MMD-VPC
9                          Plaintiff,
10        v.                                        ORDER
11   MINERAL COUNTY                      (Plf.'s Motion to Reinstate
                                          Default Judgment
12                        Defendant.         – ECF No. 11)
13

## I.    SUMMARY

Before the Court is Plaintiff's Motion to Reinstate Default Judgment ("Motion"). (ECF No. 11.) Defendant Mineral County has not responded. For the reasons stated below, the Motion is denied.

## II.   BACKGROUND

On May 18, 2015, Plaintiff filed a Complaint against Defendant alleging Defendant illegally raided his business and took his personal property. (ECF No. 2.) Plaintiff alleges Defendant committed "grand theft, robbery, conspiracy, abuse of power," and "other serious crimes," with damages in excess of $500,000,000. (*Id.*) Plaintiff filed a Motion for Default Judgment on November 9, 2015. (ECF No. 7.) On January 7, 2016, this Court denied Plaintiff's Motion for Default Judgment because Plaintiff's service of process failed to meet the requirements of Fed. R. Civ. P. 4(j) or Nev. R. Civ. P. 4(d)(5). (ECF No. 10.) Specifically, the Court found, "the proof of service does not identify Mr. Nepper's position with Mineral County for the Court to find that he is the proper representative to accept service on behalf of Mineral County." (*Id.* at 2.) The Court ordered Plaintiff to cure

1   the deficiencies in the service of process and file an amended proof of service within
2   thirty (30) days of the order. (*Id*.) On February 1, 2016, Plaintiff filed a Motion to
3   Reinstate Default Judgment (ECF No. 11.)

4   **III.   LEGAL STANDARD**

5        Obtaining a default judgment is a two-step process governed by the Federal
6   Rules of Civil Procedure. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First,
7   "[w]hen a party against whom a judgment for affirmative relief is sought has failed to
8   plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk
9   must enter the party's default." Fed. R. Civ. P. 55(a). Second, after the clerk enters
10  default, a party must seek entry of default judgment under Rule 55(b).

11       Upon entry of default, the court takes the factual allegations in the non-defaulting
12  party's complaint as true. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th
13  Cir. 1987) (citation omitted). Nonetheless, although entry of default by the clerk is a
14  prerequisite to an entry of default judgment, "a plaintiff who obtains an entry of default is
15  not entitled to default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*,
16  346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). Instead, whether a court
17  will grant a default judgment is in the court's discretion. *Id*.

18       The Ninth Circuit has identified the following factors as relevant to the exercise of
19  the court's discretion in determining whether to grant default judgment: (1) the possibility
20  of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the
21  sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the
22  possibility of a dispute concerning material facts; (6) whether the default was due to the
23  excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil
24  Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72.

25  **IV.   DISCUSSION**

26       **A.      Procedural Requirements**

27       The Court finds Plaintiff has failed to cure the deficiencies for service of process.
28  Fed. R. Civ. P. 4(j) provides that a local government organization must be served by one

of two means: (A) delivery of a copy of the summons and complaint on the organization's "chief executive officer;" or (B) following the manner of service required under state law for service of process on such a local organization. Nev. R. Civ. P. 4(d)(5) provides that to effectuate service on a county, city, or town, a copy of the summons and complaint must be made by hand delivery to "the chairperson of the board of commissioners, president of the counsel or trustees, mayor of the city or town, or other head of the legislative department thereof."

Plaintiff's modified proof of service is suspect for the following reasons: First, the signature of the process server, Jason Smith, is remarkably similar to Plaintiff's own signature. (*Compare* ECF No. 11 *with* ECF No. 7.) Second, the modified proof of service now states Jason Smith served Clifford Cichowlaz on the same date he originally claimed he served Christopher Nepper. (*See* ECF Nos. 7, 11-2.) It appears Clifford Cichowlaz's name has been substituted for Christopher Nepper's name in an attempt to cure the deficiencies in the initial service of process. The Court finds it odd that if the process server also served Clifford Cichowlaz on July 10, 2015, that he would omit that fact in his affidavit.[1] (*See* ECF No. 7.) Therefore, Plaintiff has not cured the deficiencies in his service of process and, thus, has not satisfied the procedural requirements for default judgment pursuant to Rule 55(b).

**B.   *Eitel* Factors**

**1.   Possibility of Prejudice**

The first *Eitel* factor considers whether the plaintiff will suffer prejudice if default judgment is not entered. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (S.D. Cal. 2002). If Plaintiff's motion for default judgment is not granted, Plaintiff will still have the opportunity to properly serve the Defendant; therefore the likelihood that Plaintiff will suffer prejudice is low. Thus, this *Eitel* factor weighs against default judgment.

---

[1]Notably, in the Court's Order denying Plaintiff's motion for default judgment, Clifford Cichowlaz is the person the Court identified as the Chairman of the Board of Commissioners. (ECF No. 10 n.1.)

### 2.    Substantive Merits and Sufficiency of the Complaint

The second and third *Eitel* factors favor default judgment where the complaint sufficiently states a claim for relief under the "liberal pleading standards embodied in Rule 8" of the Federal Rules of Civil Procedure. *Danning v. Lavine*, 572 F.2d 1386, 1389 (9th Cir. 1978); *see* Fed. R. Civ. P. 8. In the instant action, Plaintiff filed a barebones complaint asserting the following claims: (1) grand theft; (2) robbery; (3) conspiracy; and (4) abuse of power. While allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court finds the Complaint is plainly deficient even under this lower standard. Therefore, the second and third *Eitel* factors weigh against default judgment.

### 3.    Sum of Money at Stake

Under the fourth *Eitel* factor, the Court considers "the amount of money at stake in relation to the seriousness of Defendants' conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. "This requires that the court assess whether the recovery sought is proportional to the harm caused by defendant's conduct." *Landstar Ranger, Inc. v. Parth Enter., Inc.*, 725 F. Supp. 2d 916, 921 (N.D. Cal. 2010). Here, Plaintiff seeks $500,000,000 in damages based solely on his deficient Complaint. (*See* ECF No. 2.) Thus, it is unclear whether the damages Plaintiff seeks are proportional to the harm caused by Defendant's conduct. Therefore, the fourth *Eitel* factor weighs against default judgment.

### 4.    Possible Dispute

The fifth *Eitel* factor considers the possibility of dispute as to any material fact in the case. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Id*. However, Plaintiff's Complaint does not allege sufficient material facts to support his claims, and Plaintiff has not properly served Defendant. Therefore, a dispute may arise regarding a fact not yet plead. Thus, the fifth *Eitel* factor weighs against entering default judgment.

///

///

### 5. Excusable Neglect

The sixth *Eitel* factor considers the possibility that the default resulted from excusable neglect. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Here, the service of process has been insufficient. Thus, this factor is inapplicable.

### 6. Decision on the Merits

The seventh *Eitel* factor states that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, the "mere existence of [Rule 55(b)] demonstrates that this 'preference, standing alone, is not dispositive.'" *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177 (citation omitted). In this case, Plaintiff has failed to state a sufficient claim and has not properly served Defendant. Thus, this *Eitel* factor weighs against entry of default judgment against Defendant.

The balance of the *Eitel* factors weigh against granting default judgment.

## V. CONCLUSION

It is therefore ordered that Plaintiff's Motion to Reinstate Default Judgment is denied.

DATED THIS 8th day of September 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE