UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAM SING,<br><br>                      Plaintiff,<br>    v.<br>MINERAL COUNTY,<br><br>                      Defendant. | Case No. 3:15-cv-00259-MMD-VPC<br><br>ORDER |

      Before the Court is the third motion for default judgment that Plaintiff Ram Sing has filed in this case (ECF No. 16). The Court denied the first two motions due to insufficiencies and irregularities in regards to Plaintiff's service of process. (*See* ECF No. 13.) On September 8, 2016, the Court ordered Plaintiff to show cause why the Court should not dismiss this case for failure to perfect service. (*Id.*) Plaintiff responded to the Court's order indicating that he had submitted proof of service establishing service on Defendant Mineral County on September 12, 2016. (ECF Nos. 14, 15.) Plaintiff filed the noted proof of service the same day he responded to the Court's order. (*Id.*) Plaintiff additionally requested that the Court not dismiss the case for good cause existing—Plaintiff believed Defendant had been properly served—and for judicial economy. (ECF No. 15.)

      The Court finds that the proof of service ("Proof of Service") accompanying Plaintiff's response to avoid dismissal is both inadequate and suspect. The Proof of Service states that on September 12, 2016, the signer (Sam Scott) "delivered the documents listed below to Clifford Cichowlaz, Chairman of the Board of Commisioners[.]" (ECF No. 14.) The Court takes judicial notice of the Reno Gazette-Journal and related

articles in the public domain evidencing that Mr. Clifford Cichowlaz died on March 18, 2016.[1] This means that Plaintiff served an individual who had been deceased for nearly six-months. Such service is beyond deficient.[2] Nev. R. Civ. P. 4(d)(5) provides that to effectuate service on a county, city, or town, a copy of the summons and complaint must be made by hand delivery to "the chairperson of the board of commissioners, president of the counsel or trustees, mayor of the city or town, or other head of the legislative department thereof." Mr. Clifford Cichowlaz clearly ceased to chair the board when he died.

Moreover, Plaintiff's purported attempts at effectuating service of process on Defendant is suspect. The Court has previously noted as much (*see* ECF No. 12 at 3). Plaintiff's failure to perfect service standing alone, but even more so when colored by his dubious servicing attempts, leads the Court to dismiss this case in accordance with its September 8, 2016 Order.

It is therefore ordered that this case is dismissed without prejudice.

It is further ordered that Plaintiff's motion for default (ECF No. 16) is denied as moot.

The Clerk is directed to enter judgment in accordance with this Order and close this case.

DATED THIS 11th day of July 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] The Court may "take judicial notice of 'matters of public record.'" *Lee v. Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (quoting *Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986)).

[2] Plaintiff previously improperly attempted to service Mr. Clifford Cichowlaz by mail (*see* ECF No 15 at 2).

2